# JOSÉ BRAULIO ESCUDERO ET AL.

*v.*

# JOSÉ PONS BERNARD.

San Juan, Law, No. 873.

ON MOTION AT CLOSE OF EVIDENCE.

Practice—Belated Motion.
    1. Where there is a substitution, without objection of heirs, for a deceased defendant, the motion will not be entertained at the close of the evidence to dismiss the case because the acceptance of the estate is not shown.

Weight of Evidence.
    2. The weight of evidence is for the jury, and the court will not entertain a motion based otherwise.

Opinion filed November 14, 1913.

*Mr. Joseph Anderson, Jr.,* for plaintiffs.

*Mr. Martin Travieso, Jr.,* for defendants.

HAMILTON, Judge, delivered the following opinion:

The motion as made by the defendant at the close of the plaintiff's evidence, in effect, as I understand, is for the court to dismiss the cause of action under the Porto Rican Code of Civil Procedure. I prefer to put it in that shape, because

Escudero v. Bernard.

there is a good deal of fine law as to Federal practice, which I do not state now.

1. The grounds for that motion are, in the first place, that the evidence introduced shows no acceptance by the defendants, who are the heirs of José Pons, of his inheritance or estate. The court does not think that this is a sufficient ground for the motion in this case. This suit was brought in the lifetime of Pons, and of course it could not have been stated in the original complaint that his heirs had accepted his estate, because he was alive. Even if it could have been, there might be some question as to whether the defendant, in going to trial without setting up that defect by demurrer, did not admit it or waive it. However, in this particular case the heirs come in and take the place of the original defendant. It is done briefly by a minute entry. The court will hold, the point not having been raised before the trial, that in coming in and taking the place of the original defendant they thereby become the original defendant for the purposes of this case. It may be a new point. If such a point is not raised at the time the heirs are brought in, the court will hold that it is waived.

Another ground for dismissing the case relates to the statute of limitation, but I understand that it is not insisted upon, and so I will not pass upon it.

2. Furthermore, the defendant alleges that there is no evidence of a deposit of $8,000, or whatever the sum is, with the original defendant, and that therefore his statements afterwards are not to be considered as admissions, and, furthermore, that the whole evidence of the plaintiff is weak because it relates to statements by people who are now dead and cannot be contradicted. The court does not feel called upon to pass

upon this. It thinks that it is more an argument as to weight for the jury.

On the whole, the motion is denied.